ELY MEISLER, ADMINISTRATOR AD PROSEQUENDUM, PLAINTIFF-APPELLANT, v. RAIKEN MONUMENT WORKS, INCORPORATED, DEFENDANT-RESPONDENT.

Submitted January 30, 1931—Decided June 19, 1931.

Before Justices CASE, DALY and DONGES.

For the appellant, *Herman B. J. Weckstein.*

For the respondent, *Schneider & Schneider.*

PER CURIAM.

This is an appeal from a judgment of the Essex County Circuit Court in favor of the defendant in an action under the Death act for damages resulting from the alleged wrongful killing of Benjamin Meisler, seventeen years of age, by collision with a truck owned by defendant and operated by its servant. Decedent was crossing Frelinghuysen avenue, Newark, at or near the intersection of Emerson Place. He passed in front of a car driven by one Feltman and was struck by defendant's truck which was passing Feltman's car and going in the same direction.

Plaintiff-appellant argues eight grounds of appeal.

1. That it is error in instructing the jury to unduly emphasize issues, theories or defenses, whether by repetition or by singling them out and making them unduly prominent. The language complained of is as follows:

"You may find, in considering the testimony of the plaintiff, that almost the entire case of the plaintiff depends on what credence you are going to place on the testimony of this man, Feltman, how much of his story you will believe and how much you will ignore."

This statement was entirely true and furthermore it is not pointed out in what respect it was harmful to the plaintiff. The court did not express any doubt as to the truthfulness of the witness and clearly left it to the jury to pass upon the credibility of his testimony. The exception taken was in this language: "Also to the statement made by your honor that almost all the testimony of the plaintiff depends on the witness Feltman." The court did not say this. He said: "You may find * * * that almost the entire case depends, &c." This was a correct statement, and did not exclude consideration of the other testimony. Feltman was the only witness to the collision who testified.

2. This point deals with what the court said with respect to the equal rights of members of the public to use the highway and the correlative duty to respect the rights of others. The complaint seems to be that the court should have charged that a pedestrian has a superior right at a crosswalk. However, plaintiff's own witness, Feltman, said that the decedent was off the crosswalk when struck. There was no error in what the court said.

3. That it is the duty of the court to charge only what is now the law, and not what was the law in the past. The court said that at common law there was no remedy for wrongful death. There could not possibly be any harm to plaintiff in this because the court went on to state the right of plaintiff to recover and submitted the case to the jury under the Death act.

4. That the court erred in commenting that there was no testimony as to future expectation when, as a matter of fact, the testimony contained full facts as to this subject. This deals with the matter of damages and did not harm plaintiff because the jury apparently did not reach a consideration of that subject.

5. That the court should have charged plaintiff's request: "Any action of death for pedestrian from being struck by automobile while crossing street, deceased is presumed to have exercised due care." The court did charge that the burden of proving contributory negligence was on the defendant, and this sufficiently covered the subject.

6. That the court erred in refusing to charge: "Defendant was under a duty to observe the condition which existed at the crosswalk, and if his view of the crosswalk was obstructed by any other vehicle, he should have had his automobile under such control as to avoid any pedestrian who was about to cross the street at such crosswalk." This request assumes that the decedent was crossing on the designated crosswalk, but there was testimony to the contrary from plaintiff's own eye witness. Since there was a conflict upon this point which the jury was free to decide, the request was improperly framed. Further, there does not appear to be testimony that, at the place of the accident, the houses are less on the average than one hundred feet apart.

7. This point deals with request No. 4 which the court declined to charge. The request had to do with the same subject, namely, the respective rights of a pedestrian and vehicle at an intersection. It is open to the same criticism as the one last considered, that is, it assumes that the plaintiff was crossing on the crosswalk when struck.

8. That the verdict was contrary to the weight of evidence. This raises no legal point and will not be considered.

The judgment will be affirmed, with costs.